UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EUGENE MARTIN MCCUMONS,

        Plaintiff,

                                         Case Number 08-11164-BC
v.                                           Honorable Thomas L. Ludington

J. MAROUGI, *Officer,*

        Defendant.
_____ /

**<u>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, STRIKING RESPONSE BRIEFS, ADJOURNING HEARING, SETTING BRIEFING SCHEDULE, ADJOURNING SCHEDULING ORDER, AND SETTING TELEPHONIC STATUS CONFERENCE</u>**

Plaintiff Eugene Martin McCumons's complaint alleges that, on April 10, 2007, a police officer, Defendant J. Marougi ("Defendant"), unjustly charged Plaintiff with "accosting and soliciting" and seized Plaintiff's vehicle after a brief encounter in a city park. On March 18, 2008, Plaintiff filed a five count complaint, alleging Defendant violated of rights under the United States Constitution pursuant to 42 U.S.C. § 1983 and was liable for gross negligence. This matter is now before the Court on various matters, which are discussed below.

A

On December 14, 2008, Plaintiff moved to amend the complaint, seeking to join four additional defendants and add two causes of action. Defendant opposes the motion, primarily contending that Plaintiff has unduly delayed in requesting to amend the complaint and join the additional defendants.

Pursuant to the Federal Rules of Procedure leave to amend shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend a complaint should be denied if

the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371 U.S. 187 (1962)). "Delay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become undue, placing an unwarranted burden on the court, or prejudicial, placing an unfair burden on the opposing party." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (citation and quotation omitted). In addition, Fed. R. Civ. P. 20(a)(2)(B) permits the joinder of additional defendants if common questions of fact or law are present.

Defendant contends that Plaintiff had reasonable notice of the additional parties and claims well before bringing the motion. Defendant emphasizes that Plaintiff seeks to add two additional claims against him. While Plaintiff sought amendment shortly after the close of discovery and near the dispositive motion deadline, Defendant's concerns may be addressed by altering the scheduling order. To the extent that Defendant suggests that Plaintiff's additional claims may be futile, he has not demonstrated that any of the claims would not survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Thus, the Court will grant the motion and adjourn the dates in the scheduling order. In addition, counsel shall appear for a telephonic status conference to address a revised scheduling order. To the extent Defendant seeks to challenge the validity of the additional causes of action, he will be permitted to supplement his pending motion for summary judgment.

B

On December 29, 2008, Defendant filed a motion for summary judgment with respect to each of Plaintiff's claims pursuant to 42 U.S.C. § 1983. Plaintiff filed two response briefs to Defendant's

motion – the first filed on January 26, 2009 and the second filed on January 27, 2009. Notwithstanding the fact that both were untimely, see E.D. Mich. LR 7.1(d)(1)(B), Plaintiff responded with two briefs. The Local Rules permit a response to a motion to include "*a brief*" and permits the moving party to file "*a reply brief*." E.D. Mich. LR 7.1(c)(1)(A); *see cf.* dkt. # 6 at 2-3. Thus, the Court will strike Plaintiff's response briefs and permit Plaintiff to file a single response brief in compliance with E.D. Mich. LR 7.1, the Court's scheduling order and practice guidelines.

C

Accordingly, it is **ORDERED** that Plaintiff's motion to amend [Dkt. # 14] is **GRANTED**. Plaintiff may file an amended complaint on or before **February 6, 2009**.

It is further **ORDERED** that Plaintiff's response briefs [Dkt. # 20, 21] to Defendant's motion for summary judgment are **STRICKEN**. The Clerk is **DIRECTED** to remove images of these motions from the Court's docket. Plaintiff may file an amended response brief in compliance with the local rules for the Eastern District of Michigan, the Federal Rules of Civil Procedure, and the Court's case management order on or before **February 6, 2009.** Defendant may file a reply brief on or before **February 13, 2009**.

It is further **ORDERED** that the February 5, 2009 hearing is **ADJOURNED**.

It is further **ORDERED** that the dates in the Court's case management and scheduling order [Dkt. # 6] are **ADJOURNED** until further order of the Court.

It is further **ORDERED** that counsel shall appear for a telephonic status conference on **March 13, 2009 at 2:00 p.m.**  Counsel for the plaintiff shall initiate the call and make all necessary arrangements.

                                                s/Thomas L. Ludington  
                                                THOMAS L. LUDINGTON  
                                                United States District Judge

Dated: January 30, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 30, 2009.

                                s/Tracy A. Jacobs  
                                TRACY A. JACOBS

---