UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EUGENE MARTIN MCCUMONS,

        Plaintiff,

                                 Case Number 08-11164-BC

v.                                    Honorable Thomas L. Ludington

J. MAROUGI, CITY OF PONTIAC,
VALARD GROSS, DARRYL COSBY,
and DANIEL MAIN,

                Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiff Eugene Martin McCumons drove seventy miles south from his home in Saginaw to Pontiac, Michigan on August 10, 2007 to work at a flea market. As he often did, Plaintiff stopped at Hawthorne Park in Pontiac on his way to the market. Hawthorne Park is apparently a common place for people to meet and engage in sexual activity. Indeed, Plaintiff testified during his deposition that he engaged in consensual sexual activity in Hawthorne Park in the past. Aware of the park's reputation, the Pontiac Police Department stationed an undercover officer in the park on that day in an apparent attempt to discourage sexual activity. Plaintiff suggests, however, that the officer, Defendant J. Marougi, employed an unorthodox approach to deterring people from using the park as an adult playground. Indeed, Plaintiff contends that Defendant Marougi invited, or even encouraged, Plaintiff to participate in a sexual interlude in the park.

The encounter between the two men began with a cryptic exchange about what might make for a "better day." But the innocent tenor of their conversation changed following the officer's

unequivocal proposal: "I do oral."[1]   Plaintiff considered Officer Marougi's proposition, but ultimately he refused, left the park, and drove to the flea market.  Officer Marougi followed, stopped Plaintiff, and cited him for "accost[ing], solicit[ing], or invit[ing]" a "lewd or immoral act."  Mich. Comp. Laws § 750.448.  Officer Marougi also seized Plaintiff's blue Pontiac Sunfire, contending that it had been "used for the purpose of lewdness."  Mich. Comp. Laws § 600.3801.  Plaintiff later paid a fee to recover the car and the criminal charge was dismissed.  *See McCumons v. Marougi*, No. 08-11164-BC, 2009 WL 1470332 (E.D. Mich. May 26, 2009) (providing a more detailed description of the facts).

On March 18, 2008, Plaintiff filed a complaint against Officer Marougi, contending that the arrest and vehicle seizure violated Plaintiff's constitutional rights.  After discovery was completed, Officer Marougi filed a motion for summary judgment on December 29, 2008 [Dkt. # 15].  After reviewing the motion and Plaintiff's response, the Court entered an opinion and order on May 26, 2009, dismissing Plaintiff's Fourth Amendment claim to the extent Plaintiff was challenging procedural defects in the police documentation and dismissing Plaintiff's Equal Protection Clause claim.  The Court noted that there is no clearly established constitutional right to defect-free documentation and that Plaintiff had not identified anyone outside the protected class who was treated differently, as Equal Protection Clause claims require.

---

[1] In considering a Rule 12(c) motion, the Court assumes all "well pleaded factual allegations" in the complaint are true.  *Lowden v. Cnty of Clare*, 709 F. Supp. 2d 540, 545 (E.D. Mich. 2010) (citing 5C Wright & Miller, Federal Practice & Procedure § 1368).  Thus, at this stage of the case, the Court must credit Plaintiff's version of the events.  Defendant Marougi contends that the initial proposal was made by Plaintiff, quoting him as saying "I want to feed you my load."  Determining who made the initial proposal will ultimately be resolved by the jury.

The Court also concluded, however, that Plaintiff's Fourth Amendment claims related to the arrest, vehicle seizure, and prosecution, as well as his First Amendment claim, should be presented to a jury. The Court emphasized that the resolution of the claims will require a determination as to what exactly happened in the park that day, a task that must be performed by the jury and not the Court. Defendant Marougi appealed, contending he was entitled qualified immunity on all of Plaintiff's constitutional claims.

In the meantime, Plaintiff filed an amended complaint, with the Court's leave, on February 1, 2009 [Dkt. # 24]. The amended complaint identifies two additional Pontiac police officers, Daniel Main and Darryl Cosby; the chief of the Pontiac Police Department, Valard Gross; and the City of Pontiac. The amended complaint contends Plaintiff's arrest and prosecution violated the Fourth Amendment, that the Defendants' conduct was grossly negligent in violation of Michigan state law, that arresting and prosecuting Plaintiff on the basis of his speech violated the First Amendment, that an arrest based on Plaintiff's sexual orientation violates the Equal Protection Clause of the Fourteenth Amendment, that the seizure of Plaintiff's vehicle violates the Fourth Amendment, that the four individual Defendants conspired to violate Plaintiff's constitutional rights in violation of 42 U.S.C. § 1985(3), and malicious prosecution.

The Court entered a new scheduling order on June 2, 2009, providing for additional discovery, but ultimately stayed the case on August 12, 2009, pending the resolution of Defendant Marougi's appeal. The Court of Appeals issued its mandate, affirming this Court's decision on August 3, 2010. *See McCumons v. Marougi*, 385 F. App'x 504 (6th Cir. 2010). This Court lifted the stay on October 4, 2010, and a new scheduling order was entered on October 6, 2010. On October 13, 2010, Defendant filed a motion for partial judgment on the pleadings, contending that

Plaintiff's § 1985 conspiracy claim should be dismissed based on the "intracorporate conspiracy doctrine" and that Plaintiff's Equal Protection Clause claim should be dismissed pursuant to the law of the case [Dkt. # 50].

For the reasons explained below, Defendant's motion for partial judgment on the pleadings will be granted in part and denied in part. Plaintiff's complaint does not plead a "conspiracy" claim under § 1985. Indeed, he specifically alleges that the arrest and prosecution were part of a city policy to harass gay men, not a conspiracy of individual actors. Plaintiff's amended complaint does, however, properly plead a violation of the Equal Protection Clause. Thus, in light of the fact that Plaintiff was permitted to amend his complaint and discovery was reopened, Plaintiff's Equal Protection Clause claim will be permitted. The hearing scheduled for January 19, 2011 was canceled because the parties' papers provide the necessary factual and legal information to decide the motion. E.D. Mich. L.R. 7.1(f).

**I**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 42, 47 (1957)). If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. Fed. R. Civ. P. 12(b)(6) & (c).

"While a complaint attacked by a Rule [12(c) motion for judgment on the pleadings] does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true . . . ." *Id.* at 555–56 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II

To prevail on his § 1985(3) conspiracy claim, Plaintiff must demonstrate

(1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Plaintiff must also establish that the conspiracy was motivated by a class-based animus.

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994) (citation omitted).

The first element of a § 1985(3) conspiracy claim requires Plaintiff to prove that there was a conspiracy between two or more persons. A person or entity, like the City of Pontiac, cannot conspire with itself, however, nor can a group of two or more persons conspire when they are engaging in conduct on behalf of an entity and within the scope of their duties to that entity. *Id.* Accordingly, employees of the same organization "generally cannot be liable for a conspiracy" under § 1985(3) unless they are acting "outside the course of their employment." *Id.* at 841; *see also Hull v. Cuyahoga Valley Join Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509–10 (6th Cir.

1991) (concluding that the employees of a school district, a government entity, cannot conspire with one another when they are acting within the scope of their employment).

In this case, the individual Defendants are all employees of the same entity, Defendant City of Pontiac. Accordingly, the Defendants can only be liable for conspiring to violate Plaintiff's civil rights if they were acting outside the scope of their employment. As Defendants emphasize, however, Plaintiff does not allege that the officers were acting outside the scope of their employment. Indeed, he contends they were "enforc[ing] a policy or custom of The City of Pontiac to harass gay men so that such men would not enter or congregate in Hawthorne Park or other public locations in The City of Pontiac." Pl.'s Amended Compl. ¶ 53.

In response, Plaintiff first emphasizes that the Sixth Circuit has never applied the intracorporate conspiracy doctrine to protect individual police officers from liability under § 1985(3). *See Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 n.6 (6th Cir. 2010) (declining to address "whether the intracorporate conspiracy doctrine applies to protect police officers and police departments"). Yet Plaintiff does not identify any reason why the intracorporate conspiracy doctrine should not apply to police officers. Plaintiff does not identify any distinguishing characteristics of police departments or police officers that would suggest, as a matter of policy, that the intracorporate conspiracy doctrine should not apply to them. Nor, for that matter, does he cite a single case from any jurisdiction where a Court has declined to apply the intracorporate conspiracy doctrine to police officers. Moreover, the policy rationale behind the doctrine—agents acting on behalf of a principal and within the scope of their duties to that principal are not, as a matter of fact, participants in a conspiracy—applies equally to police officers as to school officials. *See Hull*, 926

-6-

F.2d at 509–10.  Police officers who are working in concert to enforce a city policy are not conspiring.

Plaintiff next contends that his § 1985 conspiracy claim should not be dismissed under the intracorporate conspiracy doctrine because the question of whether or not the individual Defendants were acting within the scope of their employment is a question of fact.  But as the Defendants emphasize in their reply, Plaintiff still must plead a plausible claim for relief or the claim should be dismissed.  *Iqbal*, 129 S. Ct. at 1949.  Here, Plaintiff does not plead any facts that would suggest that the officers were acting outside the scope of their employment.  Rather, he alleges they were acting to further a city policy.  Accordingly, Plaintiff's § 1985 claim will be dismissed.

### III

Defendants next contend that Plaintiff's Equal Protection Clause claim should also be dismissed because the Equal Protection Clause claim against Defendant Marougi was dismissed in the Court's earlier order granting in part and denying in part Defendant Marougi's motion for summary judgment.  The earlier order, however, pertained only to Plaintiff's initial complaint. Plaintiff has now filed an amended complaint that names additional Defendants and includes additional allegations.  Notably, the Court dismissed the Equal Protection Clause claim in the earlier order because Plaintiff had not made an "affirmative showing that people from outside of the group were not prosecuted."  *See Stemler v. City of Florence*, 126 F.3d 856, 873–74 (6th Cir. 1997). Plaintiff's amended complaint alleges that women and heterosexual men were not targeted.  Pl.'s Amended Compl. ¶ 74.  Moreover, the Court has reopened discovery, which may afford Plaintiff with the opportunity to supplement his proofs.  Accordingly, Plaintiff's Equal Protection Clause claim will not be dismissed at this time.

**IV**

Accordingly, it is **ORDERED** that Defendants' motion for partial judgment on the pleadings

[Dkt. # 50] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's § 1985(3) claim is

dismissed but his equal protection claim will be permitted.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 27, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 27, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS