UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EUGENE MARTIN MCCUMONS,

                Plaintiff,

v.                                                      Case Number 08-CV-11164
                                                      Honorable Thomas L. Ludington

J. MAROUGI, CITY OF PONTIAC,
VALARD GROSS, DARRYL COSBY,
and DANIEL MAIN,

                Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

This civil action arises out of the arrest and prosecution of a man for soliciting sex in a public park. The two issues framed by the Defendants' motion are whether the arresting officer was implementing a policy or custom of the City of Pontiac during the constitutionally suspect arrest and prosecution, and whether the evidence developed by Plaintiff demonstrates that the arresting officer's fellow officers violated Plaintiff's constitutional rights. Four Defendants, the three fellow police officers and the City of Pontiac, now move for partial summary judgment on these issues. ECF No. 70. For the reasons which follow, their motion will be granted.

**I.**

On August 10, 2007, Plaintiff Eugene McCumons drove from his home in Saginaw to Pontiac, Michigan, to attend a flea market. When he arrived in Pontiac, he decided to first stop at a nearby public park, Hawthorne Park. It was designed as a typical park, with a playground, a grassy and wooded area, and a parking lot. Its reputation, however, was not that of typical park. Known as a place for people to meet and engage in sexual activity, Plaintiff acknowledges that

he had himself engaged in sexual activity in the park from time to time. Undercover officers of the Pontiac Police Department, also aware of the park's reputation, were present that day.

Officer J. Marougi was sitting in a GMC Yukon when Plaintiff entered the park. After a series of eye contacts and nods while they remained in their respective vehicles, the two men struck up a conversation. Eventually, the conversation turned to what they were "looking for." Officer Margoui said that he liked "everything but it" and asked Plaintiff what he liked. Plaintiff replied that he "liked it all too." Turning explicit, Officer Margoui remarked, "I do oral." Plaintiff responded, "I don't have anywhere we can go." Officer Margoui gestured to the back of his vehicle.

Instead of entering Officer Margoui's vehicle, Plaintiff left the park. Officer Marougi followed Plaintiff to the flea market and arrested him for "accost[ing], solicit[ing], or invit[ing]" a "lewd or immoral act." Mich. Comp. Laws § 750.448. Officer Marougi also seized Plaintiff's vehicle because it had been "used for the purpose of lewdness." Mich. Comp. Laws § 600.3801. Plaintiff paid a fee to recover the car, and the criminal charge was later dismissed.

In March 2008, Plaintiff brought a § 1983 suit against Officer Marougi, contending that he had violated Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments. Asserting qualified immunity, Officer Marougi moved for summary judgment. In May 2009, the motion was granted in part and denied in part. *See McCumons v. Marougi*, No. 08-11164-BC, 2009 WL 1470332 (E.D. Mich. May 26, 2009). Officer Marougi appealed, arguing the Court erred in denying his qualified immunity defense. In July 2010, the Sixth Circuit rejected Officer Marougi's arguments and affirmed this Court's decision. *See McCumons v. Marougi*, 385 F. App'x 504 (6th Cir. 2010).

In the meantime, Plaintiff sought and was granted leave to file an amended complaint. The amended complaint names four additional Defendants in their individual and official capacities: (1) Officer Daniel Main, a Pontiac police officer present in the park on the day in question; (2) Sergeant Darryl Cosby, Officer Margoui's supervisor; (3) Chief Valard Gross, the chief of the Pontiac Police Department; and (4) the City of Pontiac. ECF No. 24. And it again asserts § 1983 claims, claiming that Defendants violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments, as well as Michigan state law claims for negligence and malicious prosecution. Specifically, it asserts that: (1) the arrest and prosecution on the basis of Plaintiff's speech violated the First Amendment; (2) the arrest, seizure of the vehicle, and prosecution without probable cause violated the Fourth Amendment; (3) the arrest and prosecution based on Plaintiff's sexual orientation violates the Equal Protection Clause of the Fourteenth Amendment; (4) the arrest and prosecution was part of a conspiracy to violate Plaintiff's constitutional rights in violation of 42 U.S.C. § 1985; and (5) the Defendants' conduct was grossly negligent and constituted malicious prosecution in violation of Michigan state law. Plaintiff seeks to hold the police officers liable in their personal capacity. He further seeks to hold the officers liable in their official capacity, and hold the City of Pontiac liable as well, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

In October 2010, Officer Marougi filed a motion for partial judgment on the pleadings, contending that Plaintiff's § 1985 conspiracy claim should be dismissed based on the intracorporate corporate conspiracy doctrine and that Plaintiff's Equal Protection Clause claim should be dismissed pursuant to the law of the case. In January 2011, the motion was granted in part and denied in part, with the Court dismissing the conspiracy claim as to all Defendants, but

permitting the Equal Protection claim to go forward. *See McCumons v. Marougi*, No. 08-11164-BC, 2011 WL 308960 (E.D. Mich. Jan. 27, 2011).

In March 2011, Officer Main, Sergeant Cosby, Chief Gross, and the City of Pontiac filed the motion for partial summary judgment now before the Court in which they argue that the remaining claims against them should be dismissed. Attached to the motion are depositions and affidavits from Officer Main, Sergeant Cosby, and Chief Gross. *See* Defs.' Mot. Summ. J. Exs. A–E, G, ECF Nos. 70-2–70-6, 70-8. Each gentleman explains that he had no personal involvement in Plaintiff's criminal case. Additionally, Sergeant Cosby and Chief Gross explain that the alleged constitutional violations were not executed pursuant to a municipal policy or custom, and Officer Main explains that he has no policymaking authority. Plaintiff has not responded to Defendants' motion. When a party does not respond to a motion, the court may consider opposition to the motion is waived. *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008). Even if Plaintiff had not waived his opposition, however, Officer Main, Sergeant Cosby, Chief Gross, and the City of Pontiac would nevertheless be entitled to judgment on their motion as a matter of law. The undisputed facts show that the officers were not personally involved in Plaintiff's criminal case and that the alleged constitutional violations were not visited upon Plaintiff pursuant to a policy or custom of the City of Pontiac. Accordingly, Defendants' motion will be granted.

**II.**

A motion for summary judgment will be granted if the "movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it

believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who must "set out specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. That is, "to withstand a properly supported motion for summary judgment, plaintiff must do more than rely merely on the allegations of her pleadings . . . she is obliged to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits,' showing that there is a genuine issue for trial." *Chappell v. City Of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).

### III.

### A.

Section 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. To hold a defendant liable in their individual capacity under § 1983, a plaintiff must demonstrate the defendant personally acted in a manner which deprived the plaintiff of his constitutional rights. That is, "[t]he individual liability of officials under section 1983 must be based on their own unconstitutional behavior — not merely the right to control the actions of employees or the failure to act." *Davis v. Fentress Cnty.*, 6 Fed. App'x 243, 250 (6th Cir. 2001) (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1990)). "Supervisory

liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. Rather, the supervisors must have actively engaged in unconstitutional behavior." *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (internal quotation marks omitted) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Thus, to hold the officers individually liable under § 1983, Plaintiff must demonstrate that they personally acted in a manner which violated Plaintiff's constitutional rights.

Plaintiff has not made this demonstration. In pertinent part, the amended complaint alleges: "On August 10, 2007, Defendant Cosby was in Hawthorne Park in a supervisory capacity and participated, together with defendants Main and Marougi, in the impoundment of Plaintiff's car and in plaintiff's arrest." Am. Compl. ¶ 55. Moreover, the amended complaint alleges, "Defendant Marougi relied upon the advice and guidance of Defendant's [sic] Cosby, Main and Gross in issuing the ticket and pursuing charges." *Id.* ¶ 90. Defendants, however, have each produced sworn depositions and affidavits averring that they were not personally involved in the arrest of Plaintiff, in the seizure of his vehicle, or in the preparation of the police report incident to the arrest, and further averring that they did not personally authorize or approve Officer Margoui's actions towards Plaintiff. *See, e.g.*, Defs.' Mot. Summ. J. Ex. C, at 9 (Main Dep. 41:2–42:22); Ex. D ¶¶ 8–13 (Cosby Aff. 1–2); Ex. G ¶¶ 8–13 (Gross Aff. 1–2). Plaintiff has produced no facts disputing Defendants' evidence on these points. Consequently, Defendants are entitled to judgment on the § 1983 claims brought against them in their individual capacities.

**B.**

Section 1983 imposes civil liability on a "person" who violates another person's constitutional rights while acting "under color of any statute, ordinance, regulation, custom, or

usage, of any State." 42 U.S.C. § 1983.  First promulgated by Congress as part of the Civil Rights Act of 1871, now codified at 42 U.S.C. § 1983, "person" is not defined in the statute. Initially, the Supreme Court concluded that "Congress did not undertake to bring municipal corporations within the ambit of [§ 1983]." *Monroe v. Pape*, 365 U.S. 167, 187 (1961), *overruled by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Reexamining the history of the Civil Rights Act of 1871 in *Monell*, however, the Court concluded that "Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies."  436 U.S. at 690.  "Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent," the Court added, "local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name."  *Id*. at 690 n.55. Consequently, as the Sixth Circuit explains: "Suing a municipal officer in his official capacity for a constitutional violation pursuant to 42 U.S.C. § 1983 is the same as suing the municipality itself, and thus a successful suit against a municipal officer in his official capacity must meet the requirements for municipal liability stated in *Monell*."  *Kraemer v. Luttrell*, 189 Fed. App'x 361, 366 (6th Cir. 2006) (citation omitted).  As the claims against Officer Main, Sergeant Cosby, and Chief Gross in their official capacities are but another way of pleading claims against the City of Pontiac, the claims are analyzed together.

By its express terms, § 1983 imposes liability for the deprivation of constitutional rights "under color of any statute, ordinance, regulation, custom, or usage, of any State."  42 U.S.C. § 1983.  As interpreted by the Court, a local government entity may be held liable when the constitutional deprivation at issue implements or executes "a government's policy or custom." *Monell*, 436 U.S. at 694.  A "policy," the Court elaborates, includes "a policy statement,

ordinance, regulation, or decision officially adopted and promulgated." 436 U.S. at 690. A "custom," in contrast, "has not received formal approval through . . . official decisionmaking channels." *Id.* at 690–91. Construed narrowly, the Sixth Circuit explains, "[a] 'custom' for purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Porter v. City of Columbus Div. of Police*, 395 Fed. App'x 197, 202 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Monell*, 436 U.S. at 694). That is, "a custom is a legal institution not memorialized by written law." *Porter*, 395 Fed. App'x at 202 (internal quotation marks omitted) (quoting *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993)). Moreover, "there must be a direct causal link between the policy [or custom] and the alleged constitutional violation such that the municipality's deliberate conduct can be deemed the moving force behind the violation." *Porter*, 395 Fed. App'x at 202 (quoting *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005)).

In this case, the amended complaint makes two allegations regarding policies and customs promulgated by the City of Pontiac. First: "On or about October 17, 2007, representatives of The Triangle Foundation attended a meeting with Defendant Gross that included Defendants Main and Cosby. Defendant's [sic] Gross and Main asserted that it was the policy of The City of Pontiac to arrest men for 'solicitation' without any offer or request for payment or for an illegal act if the men engaged in conversation in a public place about possible future sex acts." Am. Compl. ¶ 55. And second: "Defendant, City of Pontiac, through the Mayor's office and the Chief of Police, identified sexual activity between males as lewd and undesirable, and developed a plan for officers to enter the park and make contact with subjects in order to identify and arrest gay men. Their intention was to charge them with criminal activity, even if no criminal offense was committed, in order to harass and deter them from exercising

their right to visit local public parks." *Id.* ¶ 54. Plaintiff, however, has produced no evidence substantiating the existence of such policies or customs.

In contrast, Defendants have each produced sworn depositions and affidavits testifying that the City has no such policies or customs. *See* Defs.' Mot. Summ. J. Exs. A–E, G. Both Chief Gross and Sergeant Cosby, for example, explain under oath that the City "did not maintain a policy, procedure, and/or custom mandating or permitting adverse police action to be taken against individuals for speech concerning sexual expression, where no solicitation under MCL 750.448, or other federal and/or state law or municipal ordinance violation, occurred." *Id.* Ex. C ¶ 5 (Cosby Aff.); Ex. G ¶ 5 (Gross Aff.); *see also* Ex. A, at 3–5 (Gross Dep.) (denying any policy targeting gay men); Ex. B, at 8–9 (Cosby Dep.) (same); Ex. E ¶ 2 (Main Aff.) (stating that he lacks policymaking authority). As Plaintiff has proffered no evidence disputing Defendants' averments that they have no such constitutionally suspect policies or customs, Defendants are entitled to summary judgment regarding claims brought against the City and the officers in their official capacities.

## C.

Having dismissed all of Plaintiff's federal law claims against Officer Main, Sergeant Cosby, Chief Gross, and the City of Pontiac, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims of negligence and malicious prosecution against these Defendants. 28 U.S.C. § 1367(a) provides in pertinent part: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Indeed, "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719 (6th Cir. 2006) (citation omitted); *see*

*also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Perry v. Se. Boll Weevil Eradication Found.*, 154 F. App'x 467, 478 (6th Cir. 2005) (noting that dismissal is the "clear rule of this circuit"). As the Supreme Court has emphasized, "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. Therefore, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims against these Defendants.

### IV.

Accordingly, it is **ORDERED** that Defendants' motion for partial summary judgment (ECF No. 70) is **GRANTED**.

It is further **ORDERED** that Plaintiff's federal law claims against Officer Main, Sergeant Cosby, Chief Gross and the City of Pontiac are **DISMISSED**.

It is further **ORDERED** that the exercise of supplemental jurisdiction over Plaintiff's state law claims against Officer Main, Sergeant Cosby, Chief Gross and the City of Pontiac is **DECLINED**.

It is further **ORDERED** that the hearing scheduled for October 4, 2011, is **CANCELED** as the parties' papers provide the necessary factual and legal information to decide the motion.

Dated: September 30, 2011        s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2011.

<u>s/Tracy A. Jacobs</u>
TRACY A. JACOBS